## THE THOMAS J. O'BRIEN.

## THE PERTH AMBOY.

(Circuit Court of Appeals, Second Circuit. May 14, 1919.)

### Nos. 220, 221.

COLLISION ⊜⟶95(2)—MEETING TOWS—FAULTS.

Two tugs, with tows, meeting and passing at Throgg's Neck at the same time as the passing of another tow, both *held* in fault for a collision between the tows; one for failing to give more room for the other tows to pass, and the other for not slowing when it was apparent that the space between the other tows was not wide enough for safe passage.

Appeals from the District Court of the United States for the Southern District of New York.

Suits for collision by the Lehigh Valley Transportation Company and by Lewis J. Schussler against the steam tug Thomas J. O'Brien, O'Brien Bros., claimants, with the steam tug Perth Amboy impleaded. Decree holding the Perth Amboy solely in fault, and her claimant appeals. Modified.

On a March evening, after running lights were lit, but before night had really set in, with the tide flood and the wind strong from the northwest, the ocean-going tug Perth Amboy, bound into New York Harbor, was approaching Throgg's Neck with a tow whose length from bow of tug to stern of last boat was approximately 900 feet. At the same time the tug Gallagher was also approaching Throgg's Neck from New York. She had in tow five light sand scows arranged tandem in such wise that from the bow of the tug to the end of the last boat was not over 700 feet. Simultaneously the tug O'Brien, with one boat on a hawser (length of tow measured as above not over 300 feet), was traveling in the same direction as the Gallagher, slightly astern of that tug's tow, and overtaking the Gallagher rather rapidly.

For the heaviest vessels of this flotilla the channel off Throgg's Neck is upwards of three-eighths of a mile wide, and all boats either entering or leaving Long Island Sound and following the customary channel must round the red buoy off Throgg's Neck. The Gallagher and Perth Amboy saw each other timely and agreed to pass starboard to starboard. Consequently the Gallagher kept as close to the Throgg's Neck side of the channel as was proper and rounded the red buoy close to; but the Perth Amboy scarcely changed her course. She did go slightly to port, but substantially navigated as she would have done, had neither the Gallagher nor the O'Brien been about to pass her. Some time after the exchange of whistles between Perth Amboy and Gallagher, similar whistles were blown by the Perth Amboy and O'Brien.

While rounding the red buoy aforesaid, the wind naturally caused the light tow of the Gallagher to stream over toward the Perth Amboy's course, while the same wind, acting on the Perth Amboy's tow before she rounded the buoy, tended to keep that tow in line with its own tug. Thus, while the tugs Perth Amboy and Gallagher passed each other with a good clearance, their tows were bound to pass by a comparatively small margin, and there was nothing to prevent the O'Brien perceiving that such would be the case. Nevertheless the O'Brien did not keep behind the Gallagher, but continued into the narrow, and probably narrowing, channel way between the two tows. In result her tow came in collision with one of the boats in charge of the Perth Amboy, both vessels were injured, and these libels were filed to recover damages therefor.

The Perth Amboy and her tow are owned by the same corporation. The court below held the Perth Amboy solely at fault, and dismissed the libel of

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

her owners, and sustained that of the owner of the O'Brien's tow against the Perth Amboy alone. Thereupon the owner of the latter tug took these appeals.

Harrington, Bigham & Englar, of New York City (George E. Hargrave, of New York City, of counsel), for the Lehigh Valley Transportation Co.

Park & Mattison, of New York City (Samuel Park, of New York City, of counsel), for The Thomas J. O'Brien.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

PER CURIAM. We agree with the court below that the Perth Amboy was at fault. She sought and understood the intention of both the Gallagher and O'Brien. There was no reason why she should not have given them both room to make a starboard to starboard passage; there was plenty of water and plenty of time. A majority of this court, however, are also of opinion that the O'Brien was at fault, because she saw, or ought to have seen, that the Perth Amboy was not giving her as much room as she needed under existing conditions of wind and tide, there was no reason for her endeavoring to pass the Gallagher while rounding Throgg's Neck, and she therefore navigated negligently under the circumstances in endeavoring to pass between the two other tows. It is a case of close shaving, and The Volunteer, 242 Fed. 921, 155 C. C. A. 509, is applicable.

The decrees appealed from are modified, so as to hold the O'Brien also at fault, and the causes remitted, with directions to enter decrees not inconsistent with this opinion. The appellant will recover the costs of this court